UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SADIA GHANI IQBAL, | Case No. 09-2528 SC |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION |
| v. | |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY; JANET NAPOLITANO, Secretary U.S. Department of Homeland Security; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE (USCIS); USCIS SAN FRANCISCO DISTRICT OFFICE; USCIS SACRAMENTO OFFICE; and MUHAMMED USMAN AFZAL, | |
| Defendants. | |

This matter comes before the Court on the Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, for Failure to State a Claim ("Motion") filed by Defendants United States Department of Homeland Security, Janet Napolitano, the United States Citizenship and Immigration Service ("USCIS"), USCIS San Francisco District Office, and USCIS Sacramento Office (collectively, "Federal Defendants"). Docket No. 23. Defendant Muhammed Usman Afzal ("Afzal") did not participate in this Motion. Plaintiff submitted an Opposition. Docket No. 30.[1] For the

---

[1] The Court notes that the Opposition was filed over a week late. See Civil Local Rule 7-3(a). The Court has reviewed this Opposition, and has determined that the brief does not affect the analysis of this decision.

reasons stated below the Motion is GRANTED.

The Complaint alleges that Iqbal and Afzal previously entered into a sham marriage for the purpose of receiving a green card for Afzal. Docket No. 1 ("Compl.") ¶ 3. In early 2004, Iqbal was interviewed by USCIS and reported the sham marriage. Id. ¶ 19. Immigration proceedings were initiated against Afzal (though it is not clear from the Complaint whether they were initiated by Iqbal's report, or whether Iqbal was interviewed in anticipation of the proceedings). Id. ¶ 25. Afzal entered another marriage with a United States citizen, and according to Iqbal, the Immigration Court granted him a green card. Id. ¶ 34. Afzal thereafter filed an allegedly slanderous suit against Iqbal in state court and caused her emotional distress. Id. ¶¶ 35-36. Iqbal then brought this suit in federal court, and now alleges that Afzal filed his state-court complaint because the Federal Defendants "failed to do their job, and they breached their duty of care, and the agencies are liable for damages." Id. ¶¶ 37.g, 38.d, 39.d.

Although it is tempting to explore the viability of Iqbal's claims against the Federal Defendants on their own merits, the Court must first resolve the jurisdictional issues that these claims present. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." Tosco Corp. v. Comtys. for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001). "A federal court is presumed to lack

2

United States District Court
For the Northern District of California

1 jurisdiction in a particular case unless the contrary
2 affirmatively appears." Stock West, Inc. v. Confederated Tribes,
3 873 F.2d 1221, 1225 (9th Cir. 1989) (citing California ex rel.
4 Younger v. Andrus, 608 F.2d 1247, 1249 (9th Cir. 1979)).

5 Federal Defendants claim that this Court lacks subject matter
6 jurisdiction because the United States has not consented to the
7 suit. Mot. at 5. "The United States as sovereign may not be sued
8 without its consent, and the limitations and conditions upon which
9 the Government consents to be sued must be strictly observed and
10 exceptions thereto are not to be implied." Allied/Royal Parking
11 L.P. v. United States, 166 F.3d 1000, 1003 (9th Cir. 1999)
12 (citations and internal quotation marks omitted). The terms of
13 the government's consent define and limit this Court's
14 jurisdiction. See United States v. Testan, 424 U.S. 392, 399
15 (1976). Plaintiffs have the burden of establishing a waiver of
16 sovereign immunity. Cato v. United States, 70 F.3d 1103, 1107
17 (9th Cir. 1995).

18 Iqbal has provided no reasonable basis for concluding that
19 the United States has consented to this suit, and has therefore
20 failed to meet her burden. The Federal Defendants point out that,
21 to the extent that Iqbal is attempting to state claims under the
22 Federal Tort Claims Act, she has failed to do so because this Act
23 only permits the United States (as opposed to the Federal
24 Defendants) to be named as defendant. Mot. at 6 (citing Kennedy
25 v. United States Postal Serv., 145 F.3d 1077, 1078 (9th Cir.
26 1998)). All of Iqbal's claims against the Federal Defendants must
27 therefore be DISMISSED WITH PREJUDICE.

28

In addition, the Court notes that the Complaint purports to raise a federal question, by invoking 28 U.S.C. § 1331. This claim is dubious. The Court would welcome briefing on this issue, and the remaining Defendant, Afzal, is invited to submit a motion to dismiss for lack of subject matter jurisdiction.

Federal Defendants, including the United States Department of Homeland Security, Janet Napolitano, the United States Citizenship and Immigration Service, USCIS San Francisco District Office, and USCIS Sacramento Office, are hereby DISMISSED from this suit. Dismissal is WITH PREJUDICE.

IT IS SO ORDERED.

Dated: September 30, 2009

_____
UNITED STATES DISTRICT JUDGE