IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SADIA GHANI IQBAL,<br><br>        Plaintiff,<br><br>  v.<br><br>MUHAMMED USMAN AFZAL,<br><br>        Defendant. | Case No. 09-2528 SC<br><br>ORDER DISMISSING IQBAL'S SUIT; REMANDING AFZAL'S IMPROPERLY REMOVED SUIT |

Now before the Court is Plaintiff Sadia Ghani Iqbal's ("Plaintiff" or "Iqbal") Motion for Default Judgment. Docket No. 39. The Motion has been submitted without a supporting memorandum. Defendant Muhammed Usman Afzal ("Defendant" or "Afzal") has filed an Objection, Docket No. 40, which this Court finds no need to consider. For the reasons stated below, Iqbal's Motion for Default Judgment is DENIED. In addition, Iqbal's Complaint is DISMISSED for lack of subject matter jurisdiction, and Afzal's state action, which was never properly removed to this Court, is REMANDED.

This dispute is rooted in a previous marriage between Iqbal and Afzal. Iqbal alleges that the marriage was a sham, entered into in order to procure a green card for Afzal. Docket No. 1 ("Compl.") ¶ 3. In early 2004, Iqbal was interviewed by USCIS and reported the sham marriage. Id. ¶ 19. Immigration proceedings were initiated against Afzal (though it is not clear from the Complaint whether they were initiated by Iqbal's report, or whether

Iqbal was interviewed in anticipation of the proceedings). Id. ¶ 25. After the two divorced, Afzal entered another marriage with a United States citizen, and according to Iqbal, the Immigration Court granted him a green card. Id. ¶ 34. Afzal thereafter filed an allegedly slanderous suit against Iqbal in state court and caused her emotional distress. Id. ¶¶ 35-36. Iqbal then brought this suit in the Northern District of California against Afzal, the United States Department of Homeland Security, and a number of other federal defendants, alleging that Afzal filed his state-court complaint because the federal defendants "failed to do their job, and they breached their duty of care, and the agencies are liable for damages." Id. ¶¶ 37.g, 38.d, 39.d. This Court has already dismissed Iqbal's claims against the federal defendants with prejudice. Docket No. 31 ("Sept. 30, 2009 Order").

When this Court dismissed Iqbal's claims against the federal defendants, it also observed that Plaintiff's three causes of action -- for libel and slander, intentional infliction of emotional distress, and negligent infliction of emotional distress -- raised no federal questions. Sept. 30, 2009 Order at 2. The Court invited Afzal, who was the sole remaining defendant, to address this issue. Id. Although Afzal apparently declined to do so,[1] Iqbal filed a brief requesting that this court retain jurisdiction, but failing to articulate a proper basis for doing so. Docket No. 32 ("Br. re Jurisdiction").[2] Now Iqbal asks this

---

[1] Afzal has not participated in this lawsuit except to file objections to Plaintiff's request for entry of default and motion for default judgment. Docket Nos. 21, 40.

[2] In particular, Iqbal requested that this Court transfer the matter to Immigration Court, or retain jurisdiction until the

2

Court to enter a default judgment against Afzal, but because the Court remains unsatisfied that it has any jurisdiction over this dispute, it must deny this request.

As a court of limited jurisdiction, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989). When the subject matter jurisdiction of the Court is called into question, the plaintiff bears the burden of establishing the propriety of the court's jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Here, Iqbal is alleging only run-of-the-mill state claims against a party with whom there is no diversity, as both Iqbal and Afzal are California residents. Compl. ¶¶ 5-6. To the extent that Iqbal is alleging any claims against Afzal (which is unclear, as the Complaint suggests that the federal defendants were responsible for any injuries suffered by Iqbal), these claims do not belong in a federal court, absent a basis for supplemental or diversity jurisdiction. Iqbal's remaining claims are therefore DISMISSED. Iqbal may not refile these claims in federal court, absent a valid basis for federal jurisdiction.

There is another matter that this Court must address before it disposes of this suit entirely. It appears that, on June 12, 2009, Iqbal's attorney attempted to remove Afzal's state court action to federal district court. He did so not by filing a removal action in the Northern District of California, but by simply filing a

---

Immigration Court reopens the case against Afzal. Br. re Jurisdiction at 1.2.

3

document entitled "Notice of Removal" in Iqbal's preexisting federal suit against Afzal (i.e., the suit that is now before the Court). Docket No. 4 ("Notice of Removal"). This was improper. "A case cannot be removed from state court to become part of an already existing federal case." See Gilliam v. Austin, No. 02-1389, 2002 U.S. Dist. LEXIS 9555, *11 (N.D. Cal. May 13, 2002). Iqbal's attorney undertook none of the steps that are required of defendants in removal proceedings. See id. ("In this district, the local rules applicable to plaintiffs in original proceedings apply to removing defendants.") Iqbal never paid any filing fee, even though such a fee is explicitly required for removal actions. 28 U.S.C. 1914(a). The failure of Iqbal's counsel to undertake the basic steps necessary to remove Afzal's state action has prevented this Court from promptly and timely addressing the matter. As another court in this district has noted in a similar situation:

> Because the notice of removal is the means of removing a case from state court to federal district court, where it is viewed as a "new" case and is assigned a "new" case number, a document labeled "[] notice of removal" bearing an already existing case number would not provide notice to the clerk that a defendant intended to remove a state court action which had not previously been removed. . . .

Gilliam, 2002 U.S. Dist. LEXIS 9555 at *10.

The case that Iqbal attempted to remove, Afzal v. Iqbal, No. CIVMSC08-02648 (Cal. Super. Ct. Contra Costa County Ct. filed Oct. 20, 2008), was therefore never properly removed to this Court. Afzal made no attempt to remand the suit, although this Court would have promptly remanded it not only because of the obvious procedural defects, but because of the clear absence of subject matter jurisdiction: Afzal's suit presents no federal questions of

4

jurisdictional import, and there is no diversity between the California residents who were parties to it. See Notice of Removal Ex. A ("Afzal Compl."). These failures notwithstanding, the state court's electronic docket reflects that Iqbal's attorney filed the Notice of Removal in state court.[3] For the state court, the filing of such a notice "shall effect removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). Because jurisdiction should have remained before the state court (and arguably never left the state court), this Court REMANDS Afzal's claims against Iqbal to the Superior Court of California, Contra Costa County.

For the reasons stated above, Iqbal's Complaint against Afzal is DISMISSED for lack of subject matter jurisdiction. Iqbal's Motion for Default Judgment is therefore DENIED. The hearing that is scheduled for March 19, 2010 is hereby VACATED. In addition, Afzal's suit against Iqbal, originally filed in the matter Afzal v. Iqbal, No. CIVMSC08-02648 (Cal. Super. Ct. Contra Costa County Ct. filed Oct. 20, 2008), is hereby REMANDED to the Superior Court of California, in and for the County of Contra Costa.

IT IS SO ORDERED.

Dated: March 15, 2010

UNITED STATES DISTRICT JUDGE

---

[3] The electronic docket for the state action reflects that the action was "REMOVED FROM COURT'S CONTROL DUE TO CV09-2528 SC HAVING BEEN FILED/ENTERED INTO." That case number refers to Iqbal's separate federal suit, and not to a properly removed and separately filed federal corollary to Afzal's state action against Iqbal.